UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID J. GOMERINGER and
MANUELA K. GOMERINGER, as
Co-Trustee of the Gomeringer
Family Trust,

      Plaintiffs,

v.                                                           Case No.:  2:23-cv-89-SPC-NPM

THE BOAT HOUSE OF CAPE
CORAL, LLC and CAROLINA
SKIFF, LLC,

      Defendants.

_____/

## OPINION AND ORDER

Before the Court is Defendant The Boat House of Cape Coral, LLC's Motion to Dismiss Complaint (Doc. 24), along with Plaintiffs David and Manuela Gomeringer's opposition (Doc. 26).  For the below reasons, the Court denies the motion.

Plaintiffs bought a recreational fishing boat from The Boat House that Defendant Carolina Skiff, LLC manufactured.  Because the boat required many repairs over many years, Plaintiffs have sued each Defendant for breaching express and applied warranties under the Magnuson-Moss Act and violating the Florida Deceptive and Unfair Practices Act.  (Doc. 1).

The Boat House has moved to dismiss the breach of warranty claims against it because Plaintiffs have allegedly signed a document titled, "Warranty Disclaimer." (Doc. 24 at 9). Boat House attached the disclaimer and a supporting declaration to its motion. (Doc. 24 at 7-9). Because the disclaimer allegedly precludes the federal breach of warranty claims, Boat House maintains the Court should decline supplemental jurisdiction over the remaining state claim.

Boat House brings its motion under Federal Rule of Civil Procedure 12(b)(6). When faced with such a motion, courts limit their review to the allegations in the complaint. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). To consider materials beyond the pleading, the court must convert a motion to dismiss into a motion for summary judgment. *Id.* at 175-76. But there's an exception. No conversion is needed if a document is "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

As best the Court can tell, Boat House argues the Court can consider the disclaimer and declaration without conversion because they are central to Plaintiffs' breach of warranty claims and are undisputed. (Doc. 24 at 4).[1] The

---

[1] Boat House does not explicitly make this argument. Rather, it block-quotes a statement of law from a report and recommendation out of the Northern District of Georgia and declares that "it is permitted to file this Declaration along with the Disclaimer of Warranty." (Doc. 24 at 4-5 (quoting *Pearson v. Wesley Woods Senior Living, Inc.*, No. 1:19-CV-0176, 2019 WL

problem for Boat House is that Plaintiffs do not concede the disclaimer's authenticity. According to Plaintiffs, "the authenticity and manor of formation of said exhibit is currently in dispute and would only be ripe to be investigated during discovery." (Doc. 26 at 4). They also argue that they have yet to depose the declaration's declarant. (Doc. 26 at 4). The Court agrees with Plaintiffs, and so does relevant case law. *See, e.g., Thompson v. City of St. Cloud*, No. 6:23-cv-283-WWB-LHP, 2023 WL 3931952, at *2 (M.D. Fla. June 9, 2023) (finding defendants did not satisfy the incorporation-by-reference doctrine because, in part, the plaintiff did not concede the authenticity to extrinsic videos); *Palm Devs., Inc. v. Ridgdill & Sons, Inc.*, No. 2:08-cv-322-FTM-DNF, 2009 WL 513027, at *3 (M.D. Fla. Feb. 27, 2009) (declining to convert a motion to dismiss to one for summary judgment when the plaintiff claimed some dispute over the documents attached to the motion).

What's more, the disclaimer has no date and the sole signature is illegible, which casts doubt on its authenticity as applied here. (Doc. 24 at 9). And the declaration offers no help on this front. It merely says the disclaimer "was signed by the Plaintiff." (Doc. 24 at 7). But there are two Plaintiffs, and it is unclear which (if either) are the signatories. *See Armstrong Air*

---

8438497 (N.D. Ga. July 18, 2019)). The Court thus can only infer Boat House's analysis. *See generally Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (stating "the onus is upon the parties to formulate arguments"). Boat House, however, should not expect the Court do the legwork for it again.

*Conditioning & Heating of Cent. Fla., Inc. v. Lennox Indus., Inc.*, No. 6:20-cv-449-ORL-37GJK, 2020 WL 9600107, at \*2 (M.D. Fla. May 4, 2020) (reasoning that "Defendant fil[ing] an affidavit purportedly authenticating Defendant's Documents . . . [did]n't make them *undisputed*" (emphasis in original)).

Because the disclaimer and declaration are disputed, the Court will consider neither in reviewing the Boat House's motion. And without the disclaimer, the motion has no basis to be granted at this stage of litigation.

Accordingly, it is now

**ORDERED:**

1. Defendant The Boat House of Cape Coral, LLC's Motion to Dismiss Complaint (Doc. 24) is **DENIED**.

2. The Boat House must answer the Complaint on or before **July 27, 2023.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 13, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4