UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID J. GOMERINGER and
MANUELA K. GOMERINGER, as
Co-Trustee of the Gomeringer
Family Trust,

    Plaintiffs,

v.                                                                          Case No.:   2:23-cv-89-SPC-NPM

THE BOAT HOUSE OF CAPE
CORAL, LLC and CAROLINA
SKIFF, LLC,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Carolina Skiff, LLC's motion to dismiss the crossclaim (Doc. 41), along with The Boat House of Cape Coral, LLC's opposition (Doc. 42).  For the below reasons, the Court grants the motion.

This case is about breach of warranties and deceptive business practices.  Plaintiffs bought a fishing boat that required too many repairs over too many years.  They thus brought this suit against the dealer (Defendant The Boat House of Cape Coral, LLC) and the manufacturer (Defendant Carolina Skiff, LLC).  Boat House answered the complaint and filed a crossclaim against Carolina Skiff for common law indemnification.  (Doc. 32).  Carolina Skiff now seeks to dismiss the crossclaim as unripe.  (Doc. 41).

"The ripeness doctrine involves both jurisdictional limitations imposed by Article III's requirement of a case of controversy and prudential considerations arising from problems of prematurity and abstractness that may present insurmountable obstacles to the exercise of the court's jurisdiction, even though jurisdiction is technically present." *Johnson v. Sikes*, 730 F.2d 644, 648 (11th Cir. 1984).  It "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Digit. Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).  And, just as important, it "seeks to avoid entangling courts in the hazards of premature adjudication." *Id.*

To decide ripeness, courts consider two factors: (1) "the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cnty., Fla.*, 842 F.3d 1324, 1329 (11th Cir. 2016).  Neither factor supports allowing Boat House's common law indemnification claim to proceed.  Here's why.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipate[d], or indeed may not occur at all." *F.T.C. v. Leshin*, 618 F.3d 1221, 1239-40 (11th Cir. 2010).  The crossclaim here hinges on Plaintiffs winning their claims against Carolina Skiff and Boat House.  From there, Boat House would need to show that only Carolina Skiff

was at fault. *See Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 990 F. Supp. 2d 1254, 1270 (M.D. Fla. 2013) ("To state a claim for common law indemnity, a party must allege that he is without fault, that another party is at fault, and that a special relationship between the two parties makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts or omissions of the other party."). Because the crossclaim's viability rests on a future finding of liability—which may never happen—the crossclaim is concerned about a possible injury that is not real or concrete. *See Armstrong v. Ala. Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982) (affirming dismissal of indemnity suits as premature before entry of judgment in underlying lawsuit). So the crossclaim is not fit for judicial review.

Also, dismissing the crossclaim now does not prejudice Boat House because the four-year statute of limitations for common law indemnification will only start to run after the Court enters judgment for Plaintiffs. *See, e.g., Scott & Jobalia Const. Co., Inc. v. Halifax Paving, Inc. for Use & Benefit of U.S. Fid. & Guar. Co.*, 538 So. 2d 76, 79 (Fla. Dist. Ct. App. 1989). The Court thus finds that the crossclaim is unripe, and dismissal is appropriate.

Accordingly, it is now

**ORDERED:**

Carolina Skiff, LLC's motion to dismiss the crossclaim (Doc. 41) is **GRANTED**. The Boat House of Cape Coral, LLC's crossclaim (Doc. 32) is **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 11, 2023.

*/s/ Sheri Polster Chappell*
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record